DECISION AND JOURNAL ENTRY
Appellant, Carolina T. Brueggemann, appeals the entry of default judgment against her in the Medina County Court of Common Pleas. We affirm.
On December 14, 1995, American Roll Stock Company, Incorporated ("ARS"), executed an agreement with White Outdoor Products Company ("White") whereby ARS was to become a dealer of White's products ("Dealership Agreement"). White is an Ohio corporation headquartered in Cleveland, Ohio, and has its principal place of business in Medina, Ohio. ARS is located in Texas, which is also its principal place of business. Generally, the agreement provided that White would provide ARS with goods on credit and that ARS would be an independent dealership for White's products. To protect against the possibility of default by ARS, Mrs. Brueggemann executed a personal guaranty to White, which was appended to the Dealership Agreement after the signature lines of the Dealership Agreement. Mrs. Brueggemann is a resident of Texas and executed the personal guaranty in Texas. On June 1, 1997, the Dealership Agreement was terminated.
On July 6, 1998, White filed suit in the Medina County Court of Common Pleas seeking the amount that was then past due under the Dealership Agreement plus interest and attorney fees. White sought recovery against both ARS, under the Dealership Agreement, and Mrs. Brueggemann, under the personal guaranty. Mrs. Brueggemann moved to dismiss the action against her pursuant to Civ.R. 12(B) for want of personal jurisdiction. White responded in opposition on August 18, 1998. The trial court denied Mrs. Brueggemann's motion to dismiss on September 10, 1998. Upon White's motion, the trial court entered default judgment against ARS on May 18, 1999. On July 13, 1999, White moved for default judgment against Mrs. Brueggemann. The trial court granted White's motion for default judgment against Mrs. Brueggemann on August 26, 1999. This appeal followed.
Mrs. Brueggemann asserts one assignment of error:
 THE TRIAL COURT ERRED WHEN IT OVERRULED THE DEFENDANT-APPELLANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND ENTERED JUDGMENT AGAINST DEFENDANT-APPELLANT CAROLINA T. BRUEGGEMANN IN FAVOR OF PLAINTIFF-APPELLEE WHITE OUTDOOR PRODUCTS COMPANY.
 Mrs. Brueggemann avers that the trial court erred in denying her motion to dismiss for lack of personal jurisdiction. She asserts that because ARS and herself reside in Texas and executed the agreement in Texas, the Medina County Court of Common Pleas does not have personal jurisdiction over her. We disagree.
When determining whether a state court has personal jurisdiction over a nonresident individual, "the court must determine whether the state's `long-arm' statute [R.C. 2307.382] and applicable civil rule [Civ.R. 4.3] confer personal jurisdiction, and, if so, whether granting jurisdiction under that statute and the rule would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution." (Footnote omitted.) U.S. SprintCommunications Co. Ltd. Partnership v. Mr. K's Foods, Inc. (1994),68 Ohio St.3d 181, 184. "In Kentucky Oaks Mall Co. v. Mitchell'sFormal Wear, Inc. (1990), 53 Ohio St.3d 73, 75, 559 N.E.2d 477,479, the Ohio Supreme Court found the [statute and the rule] to be coextensive, holding `that the statute and civil rule are consistent and in fact complement each other.'" U.S. Sprint,68 Ohio St.3d at 184, fn. 2. Furthermore, a "`forum [selection] clause should control absent a strong showing that'" it would be unreasonable for a court to enforce the forum selection clause.Carnival Cruise Lines, Inc. v. Shute (1991), 499 U.S. 585, 591,113 L.Ed.2d 622, 630-31, quoting The Bremen v. Zapata Off-ShoreCo. (1972), 407 U.S. 1, 15, 32 L.Ed.2d 513, 523.
R.C. 2307.382 states, in relevant part:
 (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
(1) Transacting any business in this state;
* * *
 (C) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.
 In the instant case the Dealership Agreement provided that
 This Agreement shall be governed by and construed in accordance with the laws of the State of Ohio. * * * DEALER hereby consents to the jurisdiction of all courts in Ohio in the event that litigation concerning any part of this Agreement occurs, and DEALER expressly waives any defense attacking or questioning the jurisdiction of the Ohio courts or the proper venue therein.
 Moreover, the personal guaranty states that "This guaranty shall for all purposes be deemed to be made in, and shall be governed by, the laws of the State of Ohio."
Generally, "`a freely negotiated private agreement, unaffected by fraud, undue influence, or overweening bargaining power * * * should be given full effect.'" Carnival,499 U.S. at 591, 113 L.Ed.2d at 630, quoting The Bremen, 407 U.S. at 12-13,32 L.Ed.2d at 522. Moreover, where, as here, a forum selection clause is an important part of the agreement in that it allows the seller to lower litigation costs, and therefore, to offer its buyers lower costs, both parties benefit from the inclusion of the clause. See Carnival, 499 U.S. at 593-94, 113 L.Ed.2d at 632. Even though Mrs. Brueggemann was a resident of Texas and executed the agreement in Texas, we conclude that the forum selection clause is reasonable. Mrs. Brueggemann established a relationship with an Ohio corporation, signing a personal guaranty, apparently to aid her husband in obtaining the Dealership Agreement. Further, Ohio, although distant from Texas, is not so far removed as to make litigation overly burdensome. Moreover, Mrs. Brueggemann in fact filed motions and even an appeal from her residence in Texas. The agreement gives adequate notice that litigation may occur in Ohio rather than in locations distant from White's primary location.[1] Hence, we conclude that the forum selection clause was reasonable on the facts of this case. Furthermore, we conclude that Mrs. Brueggemann was transacting business in Ohio within the meaning of R.C. 2307.382(A)(1) because she gave her personal guaranty of payment to facilitate the purchase of goods originating from an Ohio corporation and because the language of the Dealership Agreement and personal guaranty indicate that the agreement should be deemed to have been made in Ohio.
An additional basis of our decision rests on statutory construction as the language of R.C. 2307.382(C) "limiting causes of action against a defendant to those `arising from acts enumerated in this section' applies only when `jurisdiction over a person is based solely upon this section.'" U.S. Sprint,68 Ohio St.3d at 186. Because of the forum selection clauses, we do not base our analysis solely upon Ohio's "long-arm" statute but also upon a due-process analysis and the reasonableness of the clause.Id. Thus, based on the facts above, we cannot conclude that the trial court erred in finding that Mrs. Brueggemann had not overcome the heavy burden of showing that the forum selection clause was not reasonable, and therefore, that it possessed personal jurisdiction over Mrs. Brueggemann. Mrs. Brueggemann's assignment of error is overruled.
Mrs. Brueggemann's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Medina, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
 Exceptions. _____________________ WILLIAM G. BATCHELDER
SLABY, J., CARR, J., CONCUR.
[1] The Dealership Agreement and the personal guaranty form part of a single document and transaction, and therefore, should be read together to determine their meaning and the intent of the parties. See Foster Wheeler Enviresponse, Inc. v. Franklin Cty.Convention Facilities Auth. (1997), 78 Ohio St.3d 353, 363.